CARRIE M. McCLAIN vs. CARIBOU NATIONAL BANK.

Aroostook.    Opinion November 8, 1905.

*Negligence.    Licensee.    Due Care.*

The defendant bank had partially constructed and built a certain walk, about eight feet wide, on the south side of its bank building and on its own premises. Said walk fronted on and adjoined a certain public street south of said bank building. In this walk, about seventeen feet from the east end of the same was a rollway to the cellar of the bank building, about twelve feet long, five feet wide and five or six feet deep. The rollway itself was uncovered and without protection of any kind. But in the space on the walk, both east and west of the rollway there were piled various obstructions such as bricks, barrels, lumber, carpenters' horses and other debris. These obstructions practically prevented entrance upon the walk from either end. The plaintiff, in the night time, while going to a fire, fell into this rollway and was injured and thereupon she brought suit to recover damages for the injuries sustained.

*Held :*    that these various obstructions and unfinished condition of the walk were a plain indication to the plaintiff and the public generally that this walk was not opened for travel and negatived any implied invitation on the part of the defendant bank for travelers to enter upon it, and that the plaintiff in going upon it was at most but a mere licensee to whom the defendant bank owed no duty except not to wantonly injure her.

Also *held* that the plaintiff was guilty of contributory negligence.

On motion and exceptions by defendant. Motion sustained. Exceptions not considered.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant. Tried at the December term, 1904, of the Supreme Judicial Court, Aroostook County. Plea, the general issue. Verdict for plaintiff for $2500.00. Defendant filed a general motion for a new trial, and also excepted to certain rulings made by the presiding Justice. Case decided on the motion. Exceptions not considered.

The case is sufficiently stated in the opinion.

Memorandum. This cause was argued at the June term, 1905, of the Law Court at Portland. One of the Justices sitting at said term did not sit during the hearing upon this cause, being disqualified

by reason of having ruled therein at nisi prius.    See R. S., chapter
79, section 42.

 *Ira G. Hersey and Geo. H. Smith,* for plaintiff.,

 *Louis C. Stearns and Wm. P. Allen,* for defendant.

SITTING: EMERY, STROUT, SAVAGE, PEABODY.

STROUT, J.    In 1903 defendant erected a building in Caribou on
the corner of Washburn Avenue and Vaughan Avenue.    October 24,
1903, the walls were up and roofed in, but the structure was not
ready for occupation.    It was the plan to have on three sides of the
building a concrete walk about eight feet wide.    On the east side on
Vaughan Avenue the walk had been completed, and also on the
north side; but on the south side, facing Washburn Avenue, a curb
had been put in upon defendant's land adjoining the Avenue and dirt
filled in between that and the building, up to within about four inches
of the top of the curbing,—that space being left for the concrete that
was to be filled in later.    About seventeen feet from the southeast
corner of the building on Washburn Avenue in this walk was a roll-
way to the cellar of the building about twelve feet long, five feet
wide and five or six feet deep.

On the night of October 24th, or early morning of the 25th,
plaintiff, while going to a fire, fell into this rollway which was
uncovered and without protection of any kind, and was injured, and
this suit is to recover damages for that injury.    Plaintiff had a ver-
dict and the case is here upon motion to set the verdict aside, and on
exceptions.

The walk on Washburn Avenue was not only in the unfinished
condition above stated, but at the southeast corner next to Vaughan
Avenue, three or four hundred bricks were piled upon it next to the
building, on the curb was a pile of lumber about two feet high, in
two tiers, and between them some barrels, which left only a space of
about two feet to pass from Vaughan Avenue on to the walk.    The
lumber was some twenty feet long and extended to the rollway but
did not cover it.    At the westerly end of the walk there were a large
number of barrels and carpenters' horses and other debris, which

nearly or quite prevented access to the walk at that end. These obstructions practically prevented entrance upon the walk from Vaughan Avenue or at the other end. They were a plain indication to the public that the walk on Washburn Avenue was not opened for travel and negatived any implied invitation of defendant for travelers to enter upon it. In going upon it that night, the plaintiff, while perhaps not a trespasser, was at most a mere licensee, to whom the defendant owed no duty except not to wantonly injure her. The principles announced by this court in *Dixon* v. *Swift*, 98 Maine, 207 and *Parker* v. *Portland Publishing Co.*, 69 Maine, 176, apply to this case.

Upon the question of due care of plaintiff, it is difficult to perceive its exercise by her. She says it was dark, and she did not see the rollway, but diagonally across Washburn Avenue and within the distance of less than three hundred feet the Lyndon Hotel was on fire, the flames coming from the roof, and in the opposite direction and one hundred and forty-seven feet distant a street electric light was burning, which it would seem must have given sufficient light to any attentive person to see the rollway. Several witnesses say they could see without difficulty. It is probable that the plaintiff was under excitement from the fire, and her eyes and attention were upon the burning building and no heed taken of her steps. Apparently she could not have entered upon the walk from Vaughan Avenue, but from Washburn Avenue somewhere between the termini of the walk, and not in the line of travel proposed when the walk was completed, perhaps to obtain a better view of the fire, or be away from passers upon the street and the operations of the fire department, rather than to travel upon the walk.

Upon the two grounds, that the defendant had not thrown open that walk to the public and thereby impliedly invited the public to use it, and that the plaintiff was guilty of contributory negligence, this verdict ought not to stand.

*Motion sustained; verdict set aside.*